Noemi ALVAREZ–CRESPO and
Luis Felipe Rivera–Royal,
Plaintiffs, Appellees,

v.

Mateo OLAVARRIA–RIVERA and
Antonia Olavarria, Defendants,
Appellants.

No. 92–2147.

United States Court of Appeals,
First Circuit.

Heard March 1, 1993.

Decided May 26, 1993.

José A. Cestero–Rodríguez, with whom José A. Andréu–Fuentes, was on brief, for defendants, appellants.

Nydia González–Ortiz, with whom Emiliano Irizarry–Castro and Puerto Rico Legal Services, was on brief, for plaintiffs, appellees.

Before BREYER, Chief Judge, and TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This dispute involves the ownership of a house in Camuy, Puerto Rico. After a jury

found for appellees, the district court denied appellants' alternative motions for judgment as a matter of law and for a new trial. We affirm the district court's judgment.

## BACKGROUND

The parties agree to the following facts for the purposes of this appeal. Appellants, Mateo and Antonia Olavarría, are Puerto Rican retirees living in Miami. Appellees, Luis Felipe Rivera and Noemí Alvarez, are appellants' grandnephew and grandniece. In 1985, appellants visited appellees in Puerto Rico. Luis and Noemí were married with four children at the time, but have since divorced. Troubled by Luis' deplorable living conditions, Mateo offered to buy land to build a home for Luis and his family. Soon after, Luis found a parcel of land, and Mateo bought it for $18,000. Mateo took title in his own name to prevent Luis from selling it.

Learning on a later visit that Luis had not begun construction of the house, Mateo opened an account at a local bank with $12,-500, to help him get started. Mateo later made additional deposits. Antonia sent Mateo $30,000 from their joint account for one of these deposits. Ultimately, the account reached the sum of $51,000, which Luis used to build the home.

When Mateo later learned that Luis planned to divorce Noemí, he attempted to sell the house. Luis and Noemí then sued Mateo and Antonia, claiming ownership. At trial, a jury found for appellees, and the court denied appellants' motions for judgment as a matter of law and for a new trial.

## DISCUSSION

██ As always, we must afford the jury verdict considerable deference. We will overturn a district court's denial of a motion for judgment as a matter of law only if we find that a rational jury could reach only one conclusion. *See Pearson v. John Hancock Mut. Life Ins. Co.*, 979 F.2d 254, 255 (1st Cir.1992). Similarly, we review a district court's denial of a new trial only for abuse of discretion. *PH Group Ltd. v. Birch*, 985 F.2d 649, 653 (1st Cir.1993).

██ Puerto Rico is a civil law jurisdiction, ruled by a civil code. Pursuant to its provisions in P.R. Laws Ann. tit. 31, § 3672 (1991), no spouse may donate community property without the written consent of the other spouse, other than property meant for personal or family use that individuals would commonly transfer given their economic situation. Section 3672 provides in relevant part:

> Notwithstanding [exceptions not relevant here], *neither* of the two spouses may donate, alienate or bind for a consideration the personal or real property of the community property without the *written consent* of the other spouse, excepting things for personal or family use in accordance with the social or economic standing of both spouses.

> Any disposal or administration act made with respect to said property by *either* of the spouses in violation of this and any other section of this title shall not affect the other spouse or his heirs.

(emphasis added).

Appellants argue that according to § 3672, the jury reached an improper verdict because appellees presented no evidence that Antonia consented to or ratified the donation of the money in writing. However, § 3672 applies only when one spouse makes a donation. The statute states that *neither* spouse may donate community property without the written consent of the other spouse. It requires that when an individual's rights may be affected by her *spouse's* donation, she must consent in writing to the transaction. It says nothing of such a requirement when *both* spouses donate movable property. The legislature enacted § 3672 to make both spouses equal co-administrators of community property, and to protect individuals from depletion of community assets by their spouses. *Silva Ramos v. Registrador*, 107 P.R.Dec. 240 (1978) (translation at 9). When *both* spouses jointly give a gift of movable property, they literally co-administer that property, and thus neither party can claim that the other depleted the community assets.[1]

---

1. While the Puerto Rico Supreme Court has never directly addressed the issue of whether written

consent is necessary when both spouses together give a gift of movable property, it has stated in

In the present case, the district court found it reasonable for a jury to conclude that both Mateo and Antonia knowingly gave Luis and Noemí a gift of money. We find no clear error in this ruling. The record contained testimony that Mateo told Luis that he was giving him money as a gift to build a home, and that he put that money in a joint checking account in both of their names. (Transcript of Trial Proceedings at 33, 38). Luis then used that money to build a house. According to the record, both Mateo and Antonia knew of the joint bank account. *Id.* at 85. Indeed, Antonia sent money to her husband for the account, and she testified that she knew that the money was for a house on their land in Camuy. *Id.* at 80, 85. Furthermore, appellants never withdrew money from the joint account, and appellees controlled the check book. *Id.* at 43. Appellants never requested that appellees explain or justify their use of the money in that account, and appellees kept all of the account's canceled checks. *Id.* at 45. Finally, appellants never claimed ownership of the house before Luis and Noemí's divorce, and appellees had the keys to the house, an indicia of ownership; appellants did not. *Id.* at 49–50.

From this evidence, a rational jury could conclude that both Mateo and Antonia gave appellees money as a gift to build a house, and the weight of the evidence did not contradict this conclusion. Thus, the district court properly denied appellants' alternative motions.

*Affirmed.*

dicta that § 3672 requires the written consent of both spouses for the disposition of real and personal community property. *See Silva Ramos,* 107 P.R.Dec. 240 (translation at 9). This suggests that even if both spouses make the donation, they both must provide written consent. We find, however, that the dicta contradicts the express language of the statute and the purposes behind it. Thus, absent a direct mandate on point, we cannot conclude that when a spouse violates the statute, the same spouse can later hide behind it to avoid an already completed donation.